IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL SHEPPARD, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. |
| § | 3-06CV1413M |
| TOM THUMB STORES INC.. § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT

Michael Sheppard, Plaintiff, is an individual residing in Dallas County, Texas, who is employed in Dallas, Dallas County, Texas. Defendant, Tom Thumb Stores Inc. is a Texas corporation, who may be served with process by serving its registered agent, Scott Peterson, located at 14303 Inwood Road, Dallas, Texas 75244

I.

Jurisdiction of this Court is invoked by 28 U.S.C.S. §1343(a)(3) and §1343(a)(4). The jurisdiction of this Court is invoked to secure the protection of Plaintiff's rights and damages under 29 U.S.C.S. §621 et seq., 29 U.S.C.S. §1140, 29 U.S.C.S. § 510, and for Defendant's unlawful employment practices of discriminating against Plaintiff because of his age, race and unlawful interference with Plaintiff's right to pension benefits. The jurisdiction of this Court is also invoked to secure the protection and redress of a grievance for violation of Plaintiff's Constitutional rights pursuant to 42 U.S.C.S. § 1983.

II.

PLAINTIFF'S ORIGINAL PETITION                                                                 Page 1

Mr. Michael Sheppard, Plaintiff, is a 48 old black male, who was employed by Tom Thumbs Stores Inc., Defendant, as a night manager. On or about November 10, 2005, Defendant terminated Plaintiff's employment without just cause. As a pre-text Defendant alleged that Plaintiff was terminated for consuming company good without paying for them. Defendant, Tom Thumb without counseling or warning terminated Plaintiff for this single incident after 17 years of employment.

### III.

Defendant has violated the age discrimination act of 1967, by discriminating against Plaintiff and giving him harsher treatment or disciplinary action because of his age. Plaintiff was a 48 year old employee of Defendant. Plaintiff had been employed with Defendant for over 17 years. Plaintiff had never had a single disciplinary problem or action for 17 years. All of Plaintiff's work evaluations for 17 years had been satisfactory or excellent. Without counseling, warning, or reprimand Defendant terminated Plaintiff for consuming company goods. No other employees were terminated in a similar fashion. Defendant terminated Plaintiff employment without cause. The decision to terminate Plaintiff's services was because of his age. Defendant is replacing Plaintiff position with a significantly younger employee.

### IV.

Defendant violated the Employee Retirement Income Security Act of 1974 in fact Plaintiff has been terminated without cause for the purpose of interfering with his benefits pursuant to a pension plan subject to ERISA. Plaintiff has been employed with Defendant for 17 years and has contributed to a pension plan which has vested. Plaintiff would be eligible for retire under the pension plan offered by Defendant. Defendant termination under the pretext of

cause is motivated by the desire to prevent Plaintiff from receiving his benefits under the plan.

V.
PENCHANT JURISDICTION

This Court has penchant jurisdiction of Plaintiff's state cause of action for wrongful termination under the common law theory of bad faith termination to avoid payment to Plaintiff his retirement and pension benefits. Plaintiff was employed pursuant to a union contract. Defendant breached Plaintiff's contract and terminated him without cause to avoid payment of the pension benefits owed to Plaintiff.

VI..

It was necessary for Plaintiff to retain the services of the attorney, James E. Polk, who is licensed to practice before the federal court to defendant and prosecute his claims against the Defendant. Defendant is liable for reasonable attorney's fees and expert witness fees as a part of costs for which Plaintiff hereby sues.

VII.

Defendant's discriminatory practices and acts as described above were made with malice or with reckless indifference to the federal protected rights of Plaintiff as described above. Defendant is liable for liquidated or punitive damages under 42 U.S.C.S. §1983, for which Plaintiff hereby sues.

VIII..

Plaintiff has been damaged in the form of past and future lost wages as direct and proximate cause of Defendant's discriminatory practices and wrongful acts as described above, for which Plaintiff hereby sues. Plaintiff is entitled to the full benefits of his pension plan with

Defendant, which has been wrongfully withdrawn by Defendant. Plaintiff hereby sues for the full benefit under the pension plan for which he was entitled but for the wrongful and discriminatory practices of the Defendant.

IX.

Plaintiff brings this suit within 90 days of his receipt of the notice of right to sue letter. See attached hereto as Exhibit "A", is a true and correct copy of the notice of right to sue letter for EEOC charge against Tom Thumb., which is incorporated herein by reference. Accordingly, Plaintiff's suit is timely.

X.

Plaintiff hereby makes his demand for a jury trial on all issues in dispute.

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court make a determination that the defendants are employers within the meaning of Title VII, who are liable for discriminatory employment practices there under;

2. The Court award Plaintiff monetary damages for both past and future losses from wrongful denial of wages, promotions and raises as a result of Defendants discriminatory practices;

3. The Court award Plaintiff monetary damages for his emotional distress as a result of Defendants discriminatory practices;

4. The Court award Plaintiff monetary damages for his reasonable attorney fees and expert witness fees as cost, expended in defending against the Defendants discriminatory practices and for bring this lawsuit;

5. The Court award Plaintiff his costs of court expended in defending against Defendants

discriminatory practices and for bringing this action in the above entitled and numbered cause;

6. The Court award Plaintiff punitive damages as a result of Defendant malice or gross indifference to Plaintiff's rights;

7. The Court grant Plaintiff such other and further relief that he shows himself to be entitled.

Respectfully Submitted,

JAMES E. POLK
100 N. Central Expressway,
Suite 1018, Lock Box 107
Dallas, Texas 75201-4362
State Bar No. 16089500
214-742-9805
Fax 214-742-7212

Attorney For Plaintiff
Michael Sheppard