IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL SHEPPARD, §
　　　Plaintiff, §
 §　　CIVIL ACTION NO.
vs. §
 §　　3:06-CV-1413-M
TOM THUMB STORES, INC., §
　　　Defendant. §
 §
 §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment, seeking dismissal of Plaintiff's claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), the Employee Retirement Income Security Act of 1974 ("ERISA"),[1] and for wrongful termination under Texas law.[2] For the reasons set forth below, Defendant's Motion is **GRANTED** in its entirety.

## BACKGROUND

This suit arises from Plaintiff's termination as a night manager in Tom Thumb Store No. 544 ("Store"), following Plaintiff's alleged violation of a Tom Thumb work rule barring employees from consuming unpurchased store merchandise. Plaintiff, who was 47 and had been employed by Defendant for at least fourteen years when he was terminated,[3] allegedly violated that work rule.

---

[1] 29 U.S.C. § 1140.
[2] 29 U.S.C. § 623(a)(1).
[3] Plaintiff's Reply includes conflicting statements about the duration of Plaintiff's employment with Defendant. The Reply refers to Plaintiff's "14 year tenure with Tom Thumb" but also states that Plaintiff has performed "17 years of good and faithful service" for the company.

In early November 2005, Store Manager Earl Townsend notified Defendant's Loss Prevention Department that Plaintiff was suspected of drinking sodas from the Store's inventory without paying for them. The Loss Prevention Department launched a formal investigation. Loss Prevention's review of video surveillance footage from October 31, 2005, allegedly revealed Plaintiff removing a can of soda from an inventory food cooler. Loss Prevention investigators Tyler Hill and Brandon Manning interviewed Plaintiff. When confronted with the surveillance footage, Plaintiff acknowledged drinking as many as twenty sodas, but he claimed that he had received permission from Grocery Manager Mary Cooper to consume store-brand soda in damaged cans. Cooper signed a written statement denying having given such permission to Plaintiff, and stated that an employee's consumption of soda from damaged cans would violate official Tom Thumb procedures for disposal of damaged merchandise. Plaintiff was informed at the conclusion of his interview with Hill and Manning that he was suspended pending further investigation.

Hill and Manning delivered a formal report of their factual findings to Defendant's Human Resources Advisor, Charlotte LeMay. In addition to recounting the facts described above, the report noted that Plaintiff was "extremely uncooperative" during the interview, and that he refused to provide a written statement. Based on her review of the report, LeMay concluded that Plaintiff's conduct violated Defendant's zero-tolerance rule prohibiting employees from consuming unpurchased items in the Store. LeMay recommended to Townsend that Plaintiff's employment be terminated, and that occurred in mid-November 2005.

In his Response, Plaintiff states that the sodas he consumed were leftover from a company party, that the Defendant routinely permitted employees to consume leftover beverages, and that Plaintiff had Defendant's permission to drink the soda he was shown

drinking on the surveillance tape. Plaintiff also states that the Defendant never provided him with a copy of Tom Thumb's Associate Handbook, which described the relevant work rule. He further states, and Defendant does not dispute, that Plaintiff consistently received satisfactory or excellent evaluations during his 12 years as night manager of the Store.

Plaintiff was eligible for and participated in Defendant's employee pension plan. It is undisputed that: (1) Plaintiff is fully vested in the plan and remains eligible for benefits; (2) Plaintiff is entitled to compensation under the plan; (3) Defendant has not interfered in any way with Plaintiff's right to compensation under the plan; and (4) the plan is an ERISA plan. It is further undisputed that Defendant has no policy or program entitling employees to severance pay at termination, unless the termination is part of a reduction-in-force ("RIF"). Since Plaintiff's termination was undisputedly not part of a RIF, Plaintiff is not entitled to severance pay.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when the facts as shown in the pleadings, affidavits, and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact.[4] "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case."[5] Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.[6]

---

[4] *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986).
[5] *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998).
[6] *Fields v. City of S. Houston,* 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists.[7] That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts.[8] A court must review all proffered and proper evidence, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses," and disregarding the evidence favorable to the movant that the jury would not be required to believe.[9] Further, a court must draw all justifiable inferences in favor of the nonmovant.[10]

In determining whether genuine issues of material fact exist, factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists.[11] "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."[12] The party opposing summary judgment must do more than simply show some "metaphysical doubt as to the material facts."[13]

## ANALYSIS

*ADEA Claim*

Plaintiff alleges that his termination was unlawful under the ADEA.[14] Under the ADEA, "it shall be unlawful for an employer . . . to discharge any individual . . . because of such individual's age."[15] To prevail, a plaintiff is required to make a prima facie case of age

---

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).
[8] Fed. R. Civ. P. 56(e).
[9] *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 152 (2000).
[10] *Keelan v. Majesco Software, Inc.,* 407 F.3d 332, 338 (5th Cir. 2005).
[11] *Lynch,* 140 F.3d at 625.
[12] *Friou v. Phillips Petroleum Co.,* 948 F.2d 972, 974 (5th Cir. 1991).
[13] *Matsushita,* 475 U.S. at 586.
[14] 29 U.S.C. § 623(a)(1).
[15] *Id.*

discrimination by establishing the following four elements: (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age.[16] If the plaintiff proves these elements, a presumption of discrimination arises, which the defendant must then rebut by articulating a legitimate, nondiscriminatory reason for the discharge.[17] If the employer satisfies this burden, the presumption of age discrimination established by the employee's prima facie case dissolves, and the "ultimate question [is] discrimination *vel non*."[18]

Plaintiff establishes a prima facie case of age discrimination. The first three prongs are met here. Plaintiff was terminated. Plaintiffs' consistent receipt of satisfactory or excellent evaluations during his term as night manager of the Store evidences his qualification for the position. Plaintiff was a member of the protected class of employees 40 or older.[19]

With respect to the fourth prong of the ADEA analysis, Plaintiff must show that he was either (i) replaced by someone outside the protected class, (ii) replaced by a younger individual who is within the protected class, or (iii) otherwise discharged because of his age. Here, Plaintiff was replaced by a person one year *older* than Plaintiff was at the time of his termination.[20] Therefore, only the third alternative—proof that plaintiff was otherwise discharged because of his age— is available for Plaintiff to meet the fourth element of the prima facie case. The third alternative may be established in two ways when a work-rule violation is the alleged basis for a

---

[16] *See Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955, 957 (5th Cir. 1993); *Fields v. J.C. Penney Co.,* 968 F.2d 533, 536 (5th Cir. 1992).
[17] *Olitsky v. Spencer Gifts, Inc.,* 964 F.2d 1471, 1478 n.19 (5th Cir. 1992).
[18] *Texas Dep't. of Community Affairs v. Burdine,* 450 U.S. 248, 255 n.10 (1981); *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995).
[19] 29 U.S.C. § 631(a); *see Fields*, 968 F.2d at 536 n.2.
[20] Charlotte LeMay's uncontested Declaration indicates that Billie Allen is 48-years-old. Declaration of Charlotte LeMay, ¶ 58.

plaintiff's termination.[21] First, a plaintiff may show that he did not violate the applicable rule.[22] Second, a plaintiff may introduce evidence that the defendant treated employees who violated that rule, but were outside the protected class, more favorably than they treated the plaintiff.[23] Under the second path, the comparison pool of employees must have circumstances "nearly identical" to those of the plaintiff.[24]

Here, the second path is unavailable because Plaintiff fails to identify any employee outside of the protected class who engaged in the same conduct as Plaintiff, but received more favorable treatment.

The first path, however, is available because there is a genuine issue of fact regarding whether Plaintiff violated the applicable work rule. First, Plaintiff alleges that he drank soda from damaged cans, and that he had received permission from Cooper to consume these items. Second, Plaintiff contends that the only *undamaged* sodas he consumed were leftover from company parties, and that no work rule proscribed consuming leftover beverages. These allegations raise a genuine issue regarding whether any work rule was violated by Plaintiff's conduct. Therefore, Plaintiff has established a prima facie case of age discrimination under the ADEA.

Once a plaintiff establishes a prima facie case of age discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the discharge.[25] Here, the evidence introduced by the Defendant met its burden of production. Defendant presented unrebutted proof of a zero-tolerance rule barring employees from consuming unpurchased items. Surveillance footage captured Plaintiff drinking the company's cans of soda and, indeed, he

---

[21] *Mayberry*, 55 F.3d at 1090; *Green v. Armstrong*, 612 F.2d 967, 968 (5th Cir. 1980).
[22] *Green*, 612 F.2d at 968.
[23] *See Mayberry*, 55 F.3d at 1090.
[24] *Id.*
[25] *Olitsky,* 964 F.2d at 1478 n.19.

admits to doing so. Defendant's Human Resources Advisor concluded that Plaintiff's conduct violated Defendant's rule, warranting termination. Thus, Defendant succeeds in articulating a legitimate, nondiscriminatory basis for Plaintiff's discharge.

After a defendant has articulated a legitimate reason for a plaintiff's discharge, the presumption of age discrimination established by the employee's prima facie case dissolves, and the "ultimate question [is] discrimination *vel non*."[26] At this stage, the plaintiff, who bears the "ultimate burden of persuading the trier of fact" that the defendant intentionally discriminated against the plaintiff,[27] may establish a defendant's discriminatory motive in two ways: (i) the reason proffered for plaintiff's discharge is pretextual,[28] or (ii) the reason proffered is true, but age was also a motivating factor.[29] Plaintiff fails to establish a genuine issue of material fact regarding either alternative.

To prove that a claimed work-rule violation is pretextual, a plaintiff must introduce evidence establishing that the defendant's explanation is so "unworthy of credence" that a jury could infer that the employer is dissembling to conceal a discriminatory purpose.[30] In other words, "[i]t is not enough . . . to *dis* believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination."[31] Where an employer's decision is reasonable and made in good-faith, an erroneous determination that a rule has been violated is legally insufficient to establish intentional discrimination:

> [E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, nondiscriminatory reason. We do not try in court the validity of good faith beliefs as to an employee's competence. Motive is the issue. . . . [A] dispute in the evidence concerning . . . job performance does not provide a

---

[26] *Burdine,* 450 U.S. at 255 n.10; *Mayberry*, 55 F.3d at 1090.
[27] *Reeves*, 530 U.S. at 147.
[28] *Id.* at 143.
[29] *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305. 312 (5th Cir. 2004).
[30] *Reeves*, 530 U.S. at 143.
[31] *Id.* at 147 (italics and spacing in the original).

sufficient basis for a reasonable factfinder to infer that [the] proffered justification is unworthy of credence.[32]

Here, the undisputed evidence is that the Defendant made a reasonable, good-faith determination that the Plaintiff violated a company rule barring employees from consuming unpurchased items. The sole excuse proffered by Plaintiff during the formal investigation—that he had received permission to consume damaged sodas—was disputed by Cooper, who signed a written statement denying giving Plaintiff such permission and the Defendant credited Cooper's statement. Plaintiff's present explanation—that the consumed beverages were leftover from a party—first appears in Plaintiff's Response. Even assuming, *arguendo*, that this explanation is true, Defendant's erroneous determination that Plaintiff violated a work rule is insufficient to establish a material fact issue regarding whether the claimed work-rule violation was pretextual.

Plaintiff similarly fails to marshal any other evidence of a discriminatory motive. Plaintiff was replaced by an older employee. Plaintiff did not introduce any evidence that younger employees engaging in similar conduct received more favorable treatment. Plaintiff made no allegation of negative, age-related comments by Defendant. Given the absence of any evidence of discriminatory motive, Plaintiff fails as a matter of law to establish a factual issue of pretext.

*ERISA Claim*

Defendant requests summary judgment regarding Plaintiff's ERISA claim. The Complaint alleges that Defendant terminated Plaintiff in order to avoid paying benefits owed under Plaintiff's ERISA plan. Section 510 of ERISA provides:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan [or ERISA].[33]

---

[32] *Mayberry,* 55 F.3d at 1091.
[33] 29 U.S.C. § 1140.

The facts support summary judgment for Defendant. Plaintiff is fully vested in, and remains eligible for full benefits under, the ERISA plan. Defendant has not interfered in any way with Plaintiff's right to compensation under the plan. Thus, Defendant is entitled to summary judgment on Plaintiff's ERISA claim.

*Wrongful Termination Claim*

Finally, Defendant requests summary judgment regarding Plaintiff's claim for wrongful termination. Plaintiff's wrongful termination claim fails because it relies on the same factual predicate as does his ERISA claim. Plaintiff alleges that Defendant discharged him in bad faith to avoid paying his pension benefits. Plaintiff does not contend that Defendant has ever denied his eligibility for, or otherwise interfered with, his right to recover benefits owed under the plan. Nor does Plaintiff offer any proof that Plaintiff's discharge was motivated by Defendant's desire to escape its obligations under the plan. Because there is no genuine issue of material fact regarding whether Defendant discharged Plaintiff in order to avoid paying his pension benefits, Defendant is entitled to summary judgment on Plaintiff's wrongful termination claim.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment will be **GRANTED** in its entirety.

**SO ORDERED.**

January 28, 2008.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**